IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MCCLENDON,<br><br>    Plaintiff,<br><br>v.<br><br>HUGHES LOCHARD,<br><br>    Defendant. | Case No. 19-cv-373<br><br>Hon. Robert M. Dow, Jr.<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S ANSWER TO COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant, Hughes Lochard, M.D., through his counsel, provides the following answer and affirmative defenses to Plaintiff's complaint:

1. On August 2017, I was in a serious automobile accident and was being treated for lower back injuries and both knee injures, and place on pain medication (Norco) and physical therapy while awaiting right knee surgery by Dr. Barge and Dr. Quintana, at Rush Internist Medical Center.

   **ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1, but denies any liability to Plaintiff whatsoever.**

2. On 10-16-18 I requested for medical attention concerning my lower back and both my knees which have been damaged. My request was to be stop from traveling in the small van to and from Court, a two-hour long trip which was causing my back injury excruciating pain, and knees to ache

and swell. Stg. Valencia forwarded my request to Dr. Lochard who denied my request, and stated that these injuries are old and been addressed, deal with them when you are free. (See enclosed Exhibit 1) Response from Dr. Lochard.

**ANSWER:   Denied.**

3. On 10-19-18 I requested to Dr. Lochard, for pain medication (Norco) for my lower back and both my knees pain which I have been on since 2017 to Present. Dr. Lochard and Nurse Ms. Contreras told me that they do not give out (Norco) pain medication, although there is another inmate who is on pain medication (Norco) that receives it 3 times daily. [inmate name removed].

**ANSWER:   Defendant objects to responding to this allegation to the extent that it seeks a response concerning medical treatment of a third party. Without responding to that aspect of the allegation, denied.**

4. On 10-29-18, again my medical request for treatment was denied by Commander Mrs. Jennings who was fully aware of my serious medical conditions and chronic severe lower back and both knee pain (see enclosed Exhibit 4).

**ANSWER:   As paragraph 4 concerns allegations pertaining to Commander Jennings, no answer is made thereto. To the extent that an answer is required, denied.**

5. Response from Commander Mrs. Jennings and Kendall County Rule Book pg. 14 Step 1 and 2 of the detainee grievance procedures.

**ANSWER:   Defendant lacks knowledge or information**

**sufficient to form a belief about the truth of the allegation contained in Paragraph 5.**

7. On 10-2-18, during my intake screening at Kendall County Jail, I was reconized [sic] by staff to have serious medical conditions and placed in Unit (MD 1) which is a medical holding unit, and I was there the entire time I was jailed at the Kendall County Jail.

   **ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6, but denies any liability to Plaintiff whatsoever.**

7. I was denied a bed while on the MD1 Unit. Dr. Lochard said the beds were for Patients (Inmates) with special conditions, which I have, that is why I was housed on the Unit in the first place. Instead of a bed I was forced to sleep in 3 stack a bunk tubs that were so hard and sat so low to the ground that it caused me more back spasms and knee problems, getting in and out. Do [sic] to my medical conditions Dr. Lochard had the authority to help me, and provide extra comfort to the situation for not having a bed but he denied me the mattress for no reason. (See enclosed Exhibit 6).

   **ANSWER: Denied.**

## GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted herein, and further denies that he violated Plaintiff's constitutional rights or is in anyway liable to Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

To the extent that the Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action, Plaintiff's claims are barred by the Prison Litigation Reform Act (42 U.S.C. § 1997).

### SECOND AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

Plaintiff had a duty to mitigate his claimed damages. Accordingly, to the extent Plaintiff could have prevented any injury by taking reasonable actions under the circumstances he should be precluded from recovering damages for that injury.

### Prayer for Relief

WHEREFORE, Defendants pray that this Honorable Court dismiss Plaintiff's complaint with prejudice, that Defendants recover their reasonable attorney's fees and costs of suit, and provide such other and further relief as this Court may deem necessary and just.

### Jury Demand

Pursuant to Fed. R. Civ. P. 38(b), Defendants hereby demand a trial by a jury on all issues so triable.

    Respectfully submitted,
    CUNNINGHAM, MEYER & VEDRINE, P.C.

    By: /s/ Chad M. Skarpiak
        One of the Attorneys for Defendant

Michael R. Slovis
Peter J. Strauss
Chad M. Skarpiak
CUNNINGHAM, MEYER & VEDRINE, P.C.
1 East Wacker Drive, Suite 2200
Chicago, Illinois  60601
Tel:  (312) 578-0049
cskarpiak@cmvlaw.com

## Certificate of Service

The undersigned attorney hereby certifies that on August 20, 2019, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and that a true copy of the foregoing on the following individual via U.S. Mail, at the address shown:

Anthony E. McClendon
#53440-424
Metropolitan Correctional Center
71 W Van Buren Street
Chicago, IL 60605

/s/ Chad M. Skarpiak